UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JANICE L. J.,[1] | : Case No. 1:24-cv-59 |
| Plaintiff, | : |
| vs. | : District Judge Matthew W. McFarland |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATIONS[2]

Plaintiff Janice L. J. brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and the administrative record (Doc. #7).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for Disability Insurance Benefits on May 25, 2019, alleging disability due to the mental impairment of severe depression. (Doc. #7-6, *PageID* #503). Plaintiff filed for Supplemental Security Income the following day. After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Timothy Keller. (Doc. #7-2, *PageID* #s 97-117). After ALJ Keller issued an unfavorable decision on May 17, 2021, Plaintiff filed a request for review with the Appeals Council. (Doc. #7-3, *PageID* #s 202-14). The Appeals Council remanded Plaintiff's case back to a new ALJ for a new hearing. (Doc. #7-3, *PageID* #221). The new hearing was held on December 13, 2022, before ALJ Matthew Winfrey. (Doc. #7-2, *PageID* #s 49-63). Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since October 25, 2017. |
| Step 2: | She has the severe impairments of depressive disorder and anxiety disorder. |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] can perform simple, repetitive tasks but not at a production rate pace, such as one has with assembly line work. She can tolerate occasional interactions with supervisors and coworkers, but can have no interaction with the public. Interactions would be superficial, meaning interactions would be limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder |

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

>>supervision. [Plaintiff] can also tolerate occasional changes in duties and the work setting."
>
>>She is unable to perform any of her past relevant work.
>
>Step 5: She could perform a significant number of jobs that exist in the national economy.

(Doc. #7-2, *PageID* #s 49-63). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 62.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 49-63), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.     Discussion

In her sole assignment of error, Plaintiff contends that the ALJ failed to properly evaluate the medical opinion of her treating psychiatrist, Dr. Janell Ison, D.O. (Doc. #8, *PageID* #s 994-1000). She asserts that the ALJ "failed to adequately evaluate the supportability and consistency factors" by ignoring supportive and consistent medical records for Dr. Ison's opinion. *Id.*

The Commissioner maintains that "the ALJ properly evaluated the opinions from Dr. Ison when formulating the [RFC]." (Doc. #10, *PageID* #s 1007-14). The Commissioner notes that the ALJ found Dr. Ison's opinion to be inconsistent and unsupported by her own records, inconsistent with the other medical opinions, and unsupported by the objective medical evidence in the record. *Id.* Additionally, the Commissioner submits that Dr. Ison's medical opinion "[is] merely an unsupported checkbox form." *Id.* at 1011.

Since Plaintiff filed her application after March 27, 2017, it is governed by the relatively new regulations describing how evidence is categorized, considered, and articulated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017). A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to

"defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)–(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 404.1520c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. 20 C.F.R. § 404.1520c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [his] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to

5

'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)).  An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

On October 10, 2020, Dr. Ison completed a Medical Source Statement as to Ability to Perform Work Related Activities (Mental) regarding Plaintiff's social interaction and sustained concentration and persistence limitations.  (Doc. #7-7, *PageID* #s 683-85).  Using checkboxes, Dr. Ison opined that Plaintiff would have a marked impairment in her ability to accept instruction from or respond appropriately to criticism from supervisors or superiors and in her ability to respond appropriately to co-workers or peers.  *Id.* at 683.  She found Plaintiff would have extreme limitations in her ability to work in coordination with or in proximity to others without distracting them or exhibiting behavioral extremes and in her ability to related to the general public and maintain socially appropriate behavior.  *Id.*  Dr. Ison further opined that Plaintiff would have marked and extreme limitations in several areas of sustained concentration and persistence, such as a marked limitation in her ability to perform and complete work tasks in a normal workday or work week at a consistence pace and an extreme limitation in her ability to carry through instructions and complete tasks independently.  *Id.* at 684-85.  Dr. Ison indicated that Plaintiff's condition would be "likely to deteriorate if she was placed under stress, particularly the stress of an 8-hour day, 5 days a week job," explaining that "[Plaintiff] does not adapt well, easily overwhelmed, becomes overly anxious and depressed with difficult situations."  *Id.* at 685.  Finally, Dr. Ison noted that Plaintiff was "compliant with treatment, but over the past 3 years, has shown very minimal improvement in symptoms."  *Id.*

The ALJ found Dr. Ison's opinion unpersuasive because "it was not consistent with nor supported by the evidence." (Doc. #7-2, PageID #s 59-60). He noted that there were improvements to Plaintiff's condition in Dr. Ison's medical records, and that Plaintiff had otherwise intact mental examinations while exhibiting depression. *Id*. at 59. The ALJ explained that, while the Plaintiff's "symptoms waxed and waned," they "were not markedly or extremely limiting for any sustained period of time." *Id*. at 60. The ALJ found Dr. Ison's opinion to be "heavily based on [Plaintiff's] subjective report rather than the objective findings" as no other medical opinion in the record found marked or extreme mental limitations. *Id*.

Plaintiff contends that this analysis ignores Dr. Ison's treatment records showing suicidal ideation, adverse reactions to medications, and limited improvement, as well as the Plaintiff's treatment at Hillsboro Mental Health and Highland County Clinic supportive of marked and extreme mental limitations. (Doc. #8, *PageID* #s 997-1000) (citing Doc. #7-7, *PageID* #s 615-25, 635-98, 745-65, Doc. #7-9, *PageID* #s 976-85 (Dr. Ison); Doc. #7-7, *PageID* #s 703-37 (Hillsboro Mental Health); Doc. #7-7, *PageID* #s 662-74 (Highland County Clinic)).

Plaintiff's argument is not well-taken for several reasons. First, the ALJ did not err in finding Dr. Ison's opinion unpersuasive because her opinion is inconsistent with and unsupported by the medical record. (Doc. #7-2, *PageID* #s 59-60). The ALJ properly explained that Dr Ison's opinion that Plaintiff has marked and extreme limitations in social interaction and sustained concentration and persistence was not supported by or consistent with the medical record of normal exams. *Id*. Substantial evidence supports the ALJ's conclusion. Specifically, as the ALJ recognized, Plaintiff had intact mental examinations during her treatment with Dr. Ison; this included being "fully alert and oriented," having "no psychomotor agitation," her insight, judgement, attention, and concentration being "good," and denying suicidal or homicidal ideation.

7

(Doc. #7-7, *PageID* #s 641-42, 645, 746-47, 750; Doc. #7-9, *PageID* #s 978, 983).  While Plaintiff points to some records where she did have passive suicidal ideation, that fact does not discredit the ALJ's finding of non-disability.  (Doc. #7-7, *PageID* #672; Doc. #7-9, *PageID* #982); *but see Miller v. Comm'r of Soc. Sec.*, No. 1:16-CV-1121, 2018 WL 526553, at *8 (S.D. Ohio Jan. 23, 2018), (Litkovitz, M.J.) *report and recommendation adopted,* No. 1:16-CV-1121, 2018 WL 1532527 (S.D. Ohio Mar. 29, 2018) (Black, D.J.) (Plaintiff's documentation of suicidal ideation and attempts were evidence of severe mental impairments, but was not sufficient evidence to overturn the ALJ's finding of non-disability.).

Although Plaintiff argues that the ALJ ignored her adverse reactions to medications and limited improvement, the ALJ explicitly acknowledged that Plaintiff's symptoms "waxed and waned" and her medications were adjusted, indicating his review of these records.  (Doc. #7-2, *PageID* #s 59-60).  While Plaintiff did have to change medications at some points in the treatment record, subsequent medications would be prescribed that did not have side effects.  (Doc. #7-7, *PageID* #s 694, 753); (Doc. #7-9, *PageID* #977).  The most recent visit with Dr. Ison in the record documented that Plaintiff "continue[d] to have depression … but [she] state[d] she [was] coping with it."  (Doc. #7-9, *PageID* #977).  Although Plaintiff reported her "anxiety [was] still uncontrolled," she indicated that it was "primarily related to her family stressors."  *Id*.  While Plaintiff contends the ALJ ignored parts of the record, "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."  *Dykes ex rel. Brymer v. Barnhart*, 112 F. App'x 463, 467 (6th Cir. 2004).  Therefore, the ALJ did not err in his finding that Dr. Ison's opinion was inconsistent with her own treatment records.

8

Furthermore, the ALJ did not err in finding Dr. Ison's opinion inconsistent with the other medical opinions and medical treatment in the record. (Doc. #7-2, *PageID* #s 59-60). The state reviewing psychologists discussed Plaintiff's mental records and only found, at most, moderate limitations in her sustained concentration and persistence limitations and social interaction limitations, a sharp contrast to Dr. Ison's marked and extreme limitations. (Doc. #7-3, *PageID* #s 141-45, 163-67, 180-83, 193-96). Furthermore, while Plaintiff contends these records support her marked and extreme limitations, both the Hillsboro Mental Health and Highland County Clinic counseling records indicate that Plaintiff discontinued treatment at both, with notes indicating either that she was "doing good right now" or satisfactory progress. (Doc. #7-7, *PageID* #s 657, 686). Thus, contrary to Plaintiff's argument, these records do not support Dr. Ison's opined limitations.

Finally, courts in the Sixth Circuit have found that checkbox forms lack supportability when "the doctor provides little or no accompanying explanation for the assessed limitations." *Marks v. Comm'r of Soc. Sec.*, No. 1:16-cv-02848, 2018 WL 1801609, at *8 (N.D. Ohio Jan 12, 2018) (citing *Kepke v. Comm'r of Soc. Sec.*, F. App'x 625, 630 (6th Cir. 2016); *see also Melanie E. S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2373, 2022 WL 17484355, at *5 (S.D. Ohio Dec. 7, 2022) (Vascura, M.J.) (collecting cases). Even in cases where the ALJ did not specifically address an opinion as a checkbox opinion, courts have found this to be a sufficient reason to discount a medical opinion's supportability. *Laney v. Comm'r of Soc. Sec.*, No. 5:21-CV-01290-CEH, 2022 WL 2176539, at *6, n.2 (N.D. Ohio June 16, 2022). While Dr. Ison did provide an explanation for one question out of nineteen and noted that Plaintiff had little improvement after three years of treatment with her, that does not sufficiently explain why she opined Plaintiff had seven areas of marked limitation and six areas of extreme limitation or how those limitations would affect her

9

ability to work. (Doc. #7-7, *PageID* #s 683-85). Therefore, the ALJ did not err in finding Dr. Ison's opinion unsupported. (Doc. #7-2, *PageID* #s 59-60).

In sum, "It is the ALJ's duty, not the Court's, to resolve conflicts in the medical evidence, and the Court must uphold the ALJ's decision if it is supported by substantial evidence, even when there is substantial evidence to support the opposite conclusion or a reviewing court would resolve the issues of fact differently." *See Sandra B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-960, 2022 WL 444724, at *8 (S.D. Ohio February 14, 2022) (Litkovitz, M.J.) (citing *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398 (6th Cir. 2016)). Here, substantial evidence supported the ALJ's resolution of the conflict in the medical opinions.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is not well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability decision be affirmed; and
2. The case be terminated on the Court's docket.

December 19, 2024

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).